### THOMAS v. BALTIMORE & O. R. CO.

(District Court, E. D. Pennsylvania. June 23, 1924.)

No. 4136.

Limitation of actions ⊜⇒127(13)—Amended statement of claim held to state new cause of action, barred by limitations.

Where original statement of claim for damages for breach of contract of employment alleged that defendant employer agreed, as an inducement to the execution by the employee of release from damages for injuries, to employ employee "the same as he had been employed prior to the time of said accident, * * * at the same salary and upon the same terms and conditions as he had been theretofore employed," amendment alleging agreement that such employment should be permanent, or until such time as employee should become incapable of performing his duties, *held* to state a new cause of action, barred by limitations.

At Law. Action by Silas E. Thomas against the Baltimore & Ohio Railroad Company. Sur demurrer to plaintiff's amended statement of claim. Judgment for defendant.

Mark W. Collet, of Philadelphia, Pa., for plaintiff.
James Frank Shrader, of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. This is a suit for damages for breach of a contract of employment. In the original statement of claim filed October 31, 1917, it is alleged that the plaintiff had been employed by the defendant railroad company as an engineer; that while engaged in that employment he was injured by a collision through the negligence of employees of the defendant; that the defendant on July 9, 1914, recognizing its liability, paid the plaintiff $3,000, for which the plaintiff executed a release; that as an inducement to the execution of the release the defendant, through its claim agent, orally agreed to employ the plaintiff—

"in the service of an engineer *the same as he had been employed prior to the time of the said accident,* and that one of the conditions and terms of the said settlement was that the said defendant company should again employ the said plaintiff as an engineer for the said defendant company thereafter, as soon as the said plaintiff is able to take up and perform his duties as such, *at the same salary and upon the same terms and conditions as he had been theretofore employed.*"

It is alleged that he accepted the sum of $3,000 and executed the release in reliance upon the oral agreement made at the time of the execution and release. There were allegations that the employment was to begin as soon as the plaintiff had recovered from his injuries and when he reported for duty, and that he was to be assigned to a certain run on the line of the defendant. He alleged his ability and willingness to carry out his agreement, his application to the road foreman in accordance with the terms of the agreement, and the refusal of the defendant to give him the employment. To this statement of claim an affidavit of defense was filed, setting up the release, reciting that it was—

"in full satisfaction, payment, and discharge of all claims and demands * * * and for all other losses, damages, and expenses incident thereto, * * * as well as from all claims and demands whatever."

The case having been called for trial, the plaintiff, discovering that his cause of action would carry only nominal damages, moved for leave to amend his statement of claim, whereupon the following order was entered:

"Motion granted and permission given to the plaintiff to amend his statement to set forth therein that the employment alleged in said statement as part of the consideration of the contract of release therein alleged was of a permanent character."

On October 31, 1923, the plaintiff filed an amended statement of claim, in which, after reciting the accident and injuries to the plaintiff, it is alleged that the defendant, through its claim agent—

"verbally agreed to and with the said plaintiff that it, the said defendant, would employ in its service as engineer, *at the same wages and under the same working conditions* as he had been heretofore employed, *that his said employment should be permanent or until such time as he should become incapable of performing properly his duties in said employment,* and that in consideration of said agreement of employment, as well as of said sum of $3,-

000, mentioned in said release, the said plaintiff duly executed and delivered to the defendant the said release.

"Plaintiff avers this employment was to begin as soon as the said plaintiff was able to perform his said duties as engineer, and was to continue for such time as the said plaintiff was reasonably capable of fulfilling his duties as an engineer, and further avers that the said release was accepted and acquiesced in by the said defendant, although, prior to such acceptance of and acquiescence in it, it was fully informed of said verbal agreement or employment above set forth; and plaintiff further avers that, if the said defendant had not made said verbal agreement of employment, he would not have executed or delivered said release of damages."

The demurrer raises the question whether the plaintiff has not set up a new cause of action in his amended statement, which is barred by the statute of limitations. In the original statement there was no allegation of an agreement for permanent employment. It was, however, alleged that it was agreed that the defendant—

"should again employ the said plaintiff in the service of an engineer, the same as he had been employed prior to the time of the said accident," and "at the same salary and *upon the same terms and conditions as he had been heretofore employed.*"

If the plaintiff set out in his amended statement of claim, as he did in the original, that the new employment was to be "upon the same terms and conditions as he had been heretofore employed," and averred as a fact that his prior employment had been permanent, or until such time as he should become incapable of performing properly his duties in said employment, his allegation of an agreement for permanent employment might stand as a statement of the same agreement as set out in his original statement of claim, with the addition of the statement of an explanatory fact omitted in his original statement. In his amended statement, however, he has excluded from the terms of the alleged agreement his former allegation in his first statement that the employment was to be the same as prior to the time of the accident, and "at the same salary and upon the same terms and conditions as he had been heretofore employed," and avers that the employment was to be merely at *the same wages and under the same working conditions* as those under which he had theretofore employed, and adds that the new employment was to be permanent or until such time as he should become incapable of performing his duties. The amended statement, therefore, adds a very material condition to the alleged agreement constituting the cause of action; the agreement alleged in the original statement of claim being based upon the terms of his former employment, and that alleged in the amended statement being based upon the terms of his former employment only as to wages and working conditions and adding, as an entirely new condition that his new employment was to be permanent or as long as he should be capable of performing its duties. This, in my opinion, so adds to and changes the terms of the agreement originally set up as to constitute another and entirely different contract.

While, under the order allowing an amendment, the plaintiff was given leave to set forth that the employment was of a permanent character, it was not given leave to amend it in such terms as to make it inconsistent with the agreement formerly set up, by striking out the

former allegation that the employment was to be upon the same terms and conditions as the former employment. The terms now relied upon are not descriptive of those of the former employment nor are they intended to be.

Because the amended statement of claim changes the nature of the contract set up as the cause of action in the original statement, and sets up another contract not identical with that originally averred, it is ordered that the demurrer be sustained, and judgment entered for the defendant.